# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51517

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 24, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DAXX EZEKIEL DIAZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Daxx Ezekiel Diaz pled guilty to possession of a controlled substance.[1] Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Diaz to a unified term of seven years with a minimum period of confinement of two

---

[1] Diaz also pled guilty to three misdemeanor charges. However, he does challenge these judgments of conviction or sentences on appeal.

years.[2] Diaz filed an Idaho Criminal Rule 35 motion, which the district court denied. Diaz appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Diaz's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Diaz's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Diaz's judgment of conviction and sentence, and the district court's order denying Diaz's Rule 35 motion, are affirmed.

---

[2]     This sentence was ordered to run concurrently with Diaz's other unrelated case.